DANIEL TURNEY, ET AL., *v.* C. V. HIGGINS.

**Principal and Agent.**

When a person gives his agent money with which to buy and sell stock or other property the men to whom he pays it are not bound to ascertain whether it is his money, if the agent is in lawful possession of it, and unless the person receiving the money knew that the agent was insolvent and that he was paying out the money of his principal in satisfaction of his own private debt, in violation of his trust, such payee is not liable to the principal for the amount so received.

APPEAL FROM BOURBON CIRCUIT COURT.

December 15, 1877.

OPINION BY JUDGE ELLIOTT:

The appellants averred in their petition that one Thos. O. Forman had been their agent, and as such had received their money for stock sold by him, and while the money was so in his possession as their agent, he wrongfully applied, appropriated and delivered it to the appellee, Higgins, and that the latter had converted it to his own use, and that their agent, Thomas Forman, was insolvent;

and a demurrer having been sustained to their petition, appellants bring the case here by appeal.

By the pleading the appellants admit that their agent was in the lawful possession of the money as their agent, and if so it seems to us that, if he parted with it for value, the person who received and paid value for it cannot be held responsible. When a man places money in his agent's hands to buy and sell stock or other property the men to whom he pays it are not bound to ascertain whether it is his money, but the agent being in lawful possession of it, unless appellee knew that Forman was insolvent and that he was paying out the money of his principals in satisfaction of his own private debt and in violation of his trust, he would not be responsible to appellants for the amount received.

The cases cited by appellant are not analogous. There can be no doubt that where the agent deposits the money of his principal in bank or makes other use of it in violation of his trust, where the rights of third parties have not intervened, it can be recovered by the principal; but where the agent is authorized to use it in the purchase of commodities in the country, and even pays it on his own debt without any notice to the one to whom it is paid, if received for value, it cannot be recovered back. The statement that the appellants' agent wrongfully appropriated the money is a mere conclusion of law. They should have stated facts showing that the appropriation was wrongful and unlawful before they are entitled to recover against one who got possession of it without notice and for value.

Wherefore the judgment is affirmed.

*Cunningham & Turney*, for appellants.
*Brent & McMelian*, for appellee.